UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, SR., | No. 2:14-cv-2235 MCE KJN |
| Plaintiff, | |
| v. | ORDER |
| HOOD, et al., | |
| Defendants. | |

Plaintiff proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On November 12, 2015, judgment was entered.  ECF No. 35.  On November 27, 2015, Plaintiff filed a notice of appeal.  ECF No. 37.[1]  On November 30, 2015, plaintiff filed a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  ECF No. 36.

As a threshold matter, the Court must determine whether it has jurisdiction to entertain the motion to amend.  In general, a district court is divested of jurisdiction over any matter which is the subject of the appeal.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those

---

[1] Plaintiff also filed a motion for appointment of counsel, but such motion is directed to the Ninth Circuit.  ECF No. 39.

1

1  aspects of the case involved in the appeal"). However, where a motion to amend is pending, the
2  notice of appeal is not effective until the district court disposes of that motion by order. Fed. R.
3  App. P. 4(a)(4)(B)(i).[2]

4  Here, Plaintiff filed his notice of appeal on November 27, 2015. He submitted his motion
5  for leave to file an amended complaint on November 30, 2015—that is, after judgment was
6  entered and after he filed his notice of appeal. The notice of appeal divested this Court of
7  jurisdiction to consider plaintiff's motion to amend the complaint.[3]

8  Nevertheless, the allegations contained in the motion appear to be more in the nature of a
9  request for reconsideration rather than a motion to amend the complaint. But even if the Court
10 construes the filing as a motion for reconsideration or a motion to amend the judgment under
11 Rule 59, the Court declines to reconsider the issue of administrative exhaustion, which the
12 magistrate judge fully addressed in the Findings and Recommendations filed August 21, 2015.

13 Motions for reconsideration may be construed as motions to alter or amend judgment
14 under Rule 59(e) of the Federal Rules of Civil Procedure. Osterneck v. Ernst & Whinney, 489
15 U.S. 169, 175 (1989). In Osterneck, the Supreme Court stated that "a postjudgment motion will
16 be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly
17 encompassed in a decision on the merits.'" Id. at 174 (quoting White v. N.H. Dep't of Emp't
18 Sec., 455 U.S. 445, 451 (1982)).

19 "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly
20 unusual circumstances, unless the district court is presented with newly discovered evidence,
21 committed clear error, or if there is an intervening change in the controlling law." 389 Orange St.
22 Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). This type of motion seeks "a substantive

---

[2] Rule 4(a)(4)(B)(i) states: "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

[3] Moreover, plaintiff failed to append a copy of his proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.

change of mind by the court." Tripati v. Henman, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting Miller v. Transamerican Press, Inc., 709 F.2d 524, 526 (9th Cir. 1983)).

Thus, under Rule 59, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)).  The district court may also decline to consider an issue raised for the first time in a motion for reconsideration.  Rosenfeld v. U.S. Dept. of Justice, 57 F.3d 803, 811 (9th Cir. 1995).  In fact, the Ninth Circuit has specifically cautioned that a motion for reconsideration filed pursuant to Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Beyah v. Murphy, 825 F.Supp. 213, 214 (E.D. Wis. 1993) (explaining that Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before judgment issued.'") (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Here, Plaintiff claims to submit new evidence allegedly demonstrating that Defendants "deliberately prevented plaintiff from filing this complaint as long as he [was] in High Desert State Prison." (ECF No. 36.)  Plaintiff provides the October 10, 2015 declaration of inmate Kamaron Walker, which states:

> This is what happens when a Black or African American try to file an appeal/602 in High Desert State Prison.  I witnessed the fact that C/O's Hood and Rollands stopped any legal mail pertaining to staff, also any mail [sic] 602's C.D.C.R.-22 forms.  We as Blacks had nothing coming in that ad. seg.  I am also a witness to this incident where inmate Vaughn 602 was stopped all the time he was in ad. seg.  I am filing this declaration through correspondence.  I am still in High Desert State Prison.

ECF No. 36 at 3.

First, Plaintiff's filing is unclear.  He does not identify the "complaint" that Defendants allegedly prevented him from filing; rather, he refers to Walker's declaration, suggesting that Plaintiff now claims that Defendants deliberately prevented him from timely filing his initial grievance.  Plaintiff also renews his argument that the untimeliness of his administrative appeal

3

was excused under a theory of "ongoing violation," citing California Code of Regulations title 15, section 3084.6(c)(4), which the Court found had no merit. ECF No. 31 at 14. To the extent Plaintiff requests that the Court revisit arguments previously addressed, such a request is not an appropriate ground for reconsideration.

Second, to the extent that Plaintiff now contends that Defendants interfered with his ability to timely file his initial appeal, the record demonstrates that Plaintiff failed to make such argument below. In briefing the issue of exhaustion of administrative remedies, Plaintiff's position was that he started the exhaustion process timely by filing at the informal level with the Warden, and he cited authority allegedly allowing him to exceed the thirty-day deadline. ECF Nos. 1 at 22; 31 at 11. As the magistrate judge explained:

> In his verified opposition to the motion to dismiss, plaintiff did not argue that remedies were unavailable to him or that prison staff interfered with his ability to timely file an appeal. (ECF No. 26, passim.) Rather, plaintiff defended his decision to file his informal appeal with the warden, and argued that, for various reasons, his 602 appeal was properly and timely filed. Indeed, plaintiff declares that "he is well versed on the proper procedure of filing a staff complaint against staff misconduct and [has] followed proper procedure to the letter." (ECF No. 26 at 14.)

ECF No. 31 at 18.[4] Plaintiff did not allege that staff prevented him from filing his initial appeal within the initial thirty-day period. The magistrate judge further explained:

> Here, plaintiff consistently insists that he followed proper procedure by first writing to the warden, and his own statement accompanying the 602 appeal confirms that this was his belief. (ECF No. 1 at 22.) His insistence is confirmed by his own statement made first on December 7, 2013. A fair reading of his opposition to the motion to dismiss makes clear that he intentionally filed with the warden first and that he mistakenly believed that his appeal was timely-filed. By the time plaintiff received the warden's response informing plaintiff that he must file a 602 appeal, more than 30 days had elapsed from the August 25, 2013 incident, preventing plaintiff from exhausting his administrative remedies in a timely manner. But plaintiff delayed even further, not submitting his [initial 602] appeal until December 2, 2013.

---

[4] In a document marked "Cover Letter," Plaintiff provided other statements concerning prison staff attempts to prevent exhaustion by cancelling his third level appeal. ECF No. 31 at 19 (citing ECF No. 1 at 30-31). But the cover letter also confirmed that Plaintiff intentionally first wrote the warden, believing that such action was timely and appropriate. ECF No. 1 at 31. The court found that whatever interference occurred after the thirty day expired was of no consequence where his initial appeal was untimely filed. ECF No. 31 at 19.

ECF No. 31 at 19-20.

Plaintiff now provides a declaration from another inmate who claims that Defendants Hood and Rolland stopped any legal mail pertaining to staff, and any 602s and CDCR 22 forms, and that he witnessed "this incident" where plaintiff's "602" was "stopped all the time he was in ad. seg." ECF No. 36 at 3. Putting aside the lack of factual detail in the new declaration, Plaintiff does not explain why he could not provide that declaration earlier. Plaintiff also fails to explain why he did not make such argument in his verified opposition to the motion to dismiss, or provide his own declaration as to such facts. If Defendants prevented Plaintiff from timely filing the initial appeal, or any other appeal for that matter, such facts were known to Plaintiff and he could have provided his own declaration addressing how and when Defendants took such actions. But Plaintiff did not. Thus, because Plaintiff is attempting to raise a new argument and present new evidence, the Court declines to reconsider the judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 36) is DISMISSED without prejudice for lack of jurisdiction;

2. To the extent that Plaintiff seeks reconsideration of the judgment under Rule 59(e), the Court declines to reconsider the judgment; and

3. The Clerk of the Court shall note that Plaintiff's motion for appointment of counsel (ECF No. 39) is directed to the Ninth Circuit and terminate the motion.

IT IS SO ORDERED.

Dated: December 22, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT